

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00630-CR

**EX PARTE** Juan Esteban **VAZQUEZ-BAUTISTA**,

From the County Court at Law No. 1, Webb County, Texas
Trial Court No. 2022CRB000723L1
Honorable Leticia Martinez, Judge Presiding[1]

Opinion by: Patricia O. Alvarez, Justice

Sitting: Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed: August 9, 2023

REVERSED AND REMANDED

As part of Operation Lone Star, Juan Esteban Vazquez-Bautista, a noncitizen, was arrested for trespassing on private property in Webb County. He filed an application for writ of habeas corpus seeking dismissal of the criminal charge based on a violation of his state and federal rights to equal protection. After holding an evidentiary hearing, the trial court denied his requested relief. Vazquez appeals. We reverse the trial court's order and remand for further proceedings consistent with this opinion.

---

[1] The Honorable Hugo D. Martinez is the judge of the Webb County Court at Law Number One. Associate Judge Leticia Martinez signed the order denying the habeas corpus relief at issue in this appeal.

## BACKGROUND

Since March 2021, Texas Governor Greg Abbott has directed the Texas Department of Public Safety and the Texas National Guard "to secure the border and stop cartels and criminals from smuggling deadly drugs, weapons, and people into Texas" under Operation Lone Star. The State has charged thousands of OLS cases into various courts in counties: Webb, Jim Hogg, Maverick, Zapata, Kinney, and Val Verde. Those OLS cases also involve arrests for misdemeanor criminal trespass by noncitizens who have crossed the United States border without proper legal status.

Appellant Vazquez was arrested for criminal trespass. *See* TEX. PENAL CODE § 30.05(a). He then filed a pretrial application for writ of habeas corpus, arguing the State was selectively prosecuting him in violation of his equal protection rights.

At Vazquez's habeas corpus hearing on August 19, 2022, State Trooper Juan Antonio Juarez III testified that on July 26, 2022, he arrested Vazquez with four men and one woman for criminal trespass. The men were transported to the Jim Hogg County Temporary Booking Facility, and the woman was released to the U.S. Border Patrol. According to the record, Vazquez was at first detained and then released on $500 bond.

Also at the hearing, Claudia Molina of the Lubbock Private Defender's Office testified as to the process through which an individual who is arrested for criminal trespass under OLS obtains appointment of counsel. According to Molina's testimony, the Lubbock Private Defender's Office ("LPDO"), in conjunction with OLS, was awarded a grant by the Texas Indigent Defense Commission to appoint counsel to represent individuals who have been brought before a magistrate or are being held at detention facilities. That is, when an individual is arrested and brought before a magistrate, his paperwork is sent to the LPDO, which then reviews the paperwork and determines whether counsel will be appointed in the case. Molina testified that this review and appointment

process includes the OLS cases from six counties: Webb, Jim Hogg, Maverick, Zapata, Kinney, and Val Verde. According to Molina, the "primary charges of appointment" for the LPDO as to OLS "are criminal trespass and then smuggling of persons." As part of OLS, LPDO first began appointing counsel in the last week of July 2021.

Molina testified that part of her job is to be a client advocate: she handles client and family communication, watches court dockets, and observes court several times per month. She stated that she has handled at least five hundred client calls and the same amount of family calls, over one hundred client Zoom meetings, and over three hundred court appearances in different counties. She testified that she is unaware of any women who have been prosecuted for misdemeanor trespass as part of OLS.

Molina stated that she also generated a report of OLS cases that were appointed counsel through the LPDO as of two days before Vazquez's hearing. A little over five thousand five hundred of six thousand cases were misdemeanor trespass cases. None of the misdemeanor trespass cases charged women.

As for Webb County specifically, the LPDO had begun defending cases there as of July 25, 2022. In the time before the hearing, the LPDO had been assigned thirty-five cases. Again, no misdemeanor trespass cases charged women.

Molina testified that the only OLS cases charging women were felony human smuggling cases.

The trial court then denied Vazquez's requested relief. Vazquez appealed.

## DISCUSSION

In *Ex parte Aparicio*, we considered the argument that male defendants charged with misdemeanor trespass as part of OLS were being selectively prosecuted along gender lines in violation of their federal and state constitutional rights to equal protection. *See Ex parte Aparicio*,

__S.W.3d__, No. 04-22-00623-CR, 2023 WL 4095939, at *1 (Tex. App.—San Antonio June 21, 2023, no pet. h.). We concluded that the appellant had raised a cognizable issue by pretrial writ of habeas corpus and met his burden of showing a prima facie claim for selective prosecution on the basis of gender discrimination. *Id*. at *13. We reversed and remanded for the State to justify the gender discrimination. *Id*. The claims Vazquez asserts in this case mirror the issues we addressed in *Ex parte Aparicio*, and we apply its precedent. For the reasons described in that opinion, we reverse and remand for the trial court to "require the State to respond to both federal and state selective-prosecution claims on the basis of equal protection, and … make specific findings of fact and conclusions of law setting out its rulings on whether the State meets its burden of proof to justify its discriminatory treatment of [Vazquez]." *Id*.

## CONCLUSION

Applying *Ex parte Aparicio*, we conclude that Vazquez's claims are cognizable by pretrial writ of habeas corpus and that he has satisfied his burden of establishing a prima facie case of gender discrimination in the State's execution of OLS. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

Patricia O. Alvarez, Justice

Do Not Publish